**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Leonard Ray Crooms,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Court of Appeals First Supreme Judicial District,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01290-CDS-EJY<br><br>**ORDER**<br><br>And<br><br>**REPORT AND RECOMMENDATION** |

Pro se plaintiff Leonard Crooms filed a Complaint that appears to bring a claim arising from parole from a criminal conviction that occurred in the State of Texas. ECF No. 1-1. Crooms seems to contend he was wrongly convicted and that it was his cousin who committed the crime. *Id*. Crooms says he is a slave to the parole system and seeks social equality and respect for the individual. *Id*. Crooms also submitted the form for proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. ECF No. 1.

**I.    Discussion**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts may raise the question of subject-matter jurisdiction sua sponte, and the Court must dismiss a case if it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The U.S. district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). Crooms' Complaint fails to establish subject matter jurisdiction. Specifically, while Croom's Complaint alludes to the 13th and 14th Amendments, his allegations are largely indecipherable. There is no cause of action identified and none the Court can discern from the statements made by Crooms. *Sua sponte* dismissal is appropriate where claims lack legal plausibility necessary to invoke subject matter jurisdiction in the federal courts. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008).

Moreover, the Ninth Circuit holds that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint" make it difficult to determine just what circumstances were supposed to give rise a cause of action. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996);

*see also Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981); *Schmidt v. Herrmann,* 614 F.2d 1221 (9th Cir.1980).

**II.     Order**

Accordingly, because the Court recommends dismissal of Plaintiff's Complaint with prejudice, IT IS HEREBY ORDERED that plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED.

**III.    Recommendation**

Further, in light of the nature of the allegations asserted in Crooms' Complaint, IT IS RECOMMENDED that the Complaint (ECF No. 1-1) be DISMISSED with prejudice as the content of the Complaint fails to allege any facts or law the amendment of which would cure the deficiencies stated therein.

Dated this 15th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).