UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leonard Ray Crooms,<br><br>                    Plaintiff,<br><br>       v.<br><br>Court of Appeals First Supreme Judicial District,<br><br>                    Defendant. | Case No.: 2:22-cv-01290-CDS-EJY<br><br>**Order Overruling Objections to the Report and Recommendation of the Magistrate Judge**<br><br>[ECF No. 7] |

Before the Court are Plaintiff Leonard Crooms' Objections to the Report and Recommendation (R&R), ECF No. 3, issued by the Honorable United States Magistrate Judge Elayna J. Youchah on August 15, 2022, wherein she recommended that this case be dismissed with prejudice. *Id.* at 2. Additionally, Magistrate Judge Youchah denied Crooms' application to proceed *in forma pauperis*. *Id.* at 3. For the reasons described below, I overrule Crooms' objections, adopt Magistrate Judge Youchah's R&R, and close this case.

I.    **Relevant History**

Pursuant to the Local Rules of this District, Crooms had fourteen days to file any objections to the R&R. *See* LR IB 3-2(a) (stating that a party who objects to a report and recommendation from a magistrate judge must file a written objection supported by points and authorities within fourteen days of being served with the report and recommendation). The deadline to file any objections to Magistrate Judge Youchah's R&R was August 29, 2022. ECF No. 3. On August 30, 2022, after no objections were filed, I entered an order adopting the Magistrate Judge's Report and Recommendation, dismissing the complaint with prejudice, and denying Crooms' application to proceed *in forma pauperis*. ECF No. 5. On August 31, 2022, Crooms

filed objections to the report and recommendation. ECF No. 7. However, Crooms' objections were dated August 26, 2022, and postmarked on August 29, 2022. ECF No. 7 at 4. I thus consider them timely.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). After conducting a *de novo* review of Magistrate Judge Youchah's report, I conclude that the objections are without merit. As a result, I readopt the report and recommendation.

## II. Crooms' Objections

As Crooms is proceeding *pro se*, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers, and I liberally construe documents filed by *pro se* litigants to afford them the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Notwithstanding the lesser pleading standard afforded to *pro se* parties, Crooms' objections are largely conclusory statements and lack merit. In the R&R, Judge Youchah found Crooms' complaint failed to establish subject matter jurisdiction and identified no cause of action. ECF No. 3. This determination led to a denial of Crooms' application to proceed *in forma pauperis*. *Id.* Crooms objected, arguing that the denial of his application to proceed *in forma pauperis* violated his Fourteenth Amendment rights, his Ninth Amendment rights, and his Sixth Amendment rights. *See generally* ECF No. 7.

He did not support those assertions with citations to legal authority; bare conclusions are an insufficient basis for me to disturb Magistrate Judge Youchah's findings. Crooms has raised no argument to suggest any legal error in the analysis performed by the R&R. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Health Grp. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16,

2014). Because Crooms fails to identify the relevant statutes, case law, or rules of procedure that he alleges Magistrate Judge Youchah misapplied, I overrule Crooms' constitutional objections.

Crooms' second objections suffer from the same deficiency. Crooms simply re-alleges the same facts found in his complaint. *See* ECF No. 7 at 2-3. A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge, and thus has the same effect as a failure to object. *See In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009). Objections to a magistrate's report and recommendation that do nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarize what has been presented before, are not objections as that term is used in this context. 28 U.S.C. § 636(b)(1); *see also United States v. Brooks*, 2022 WL 1184368 (W.D.N.C. Apr. 21, 2022).

### III. Conclusion

I have reviewed the R&R for clear error. Magistrate Judge Youchah set forth the proper legal analysis and factual basis in the R&R. Finding no error, I overrule Crooms' objections.

IT IS THEREFORE ORDERED that the Plaintiff's Objections (ECF No. 7) are OVERRULED.

IT IS HEREBY ORDERED that the Order Adopting Report and Recommendation of the Magistrate Judge (ECF No. 5) shall be, and is hereby, **INCORPORATED** by reference.

IT IS FURTHER ORDER that Magistrate Judge Youchah's Report and Recommendation (ECF No. 3) is **ADOPTED** in its entirety.

This case shall remain closed.

DATED this 7th day of September, 2022.

_____
Cristina D. Silva
United States District Court Judge

3